

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 0 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLAYTON ADAMS                                                    PLAINTIFF

VS.                        CASE NO. 4:19-cv-433-DPM

JENNIFER HALL, HAROLD HALL ROOFING, INC.,
AND JOHN DOES 1-3                                               DEFENDANTS

This case assigned to District Judge _Marshall_

**COMPLAINT**        and to Magistrate Judge _Kearney_

Comes now the Plaintiff, by and through counsel, who for his Complaint, states:

**PARTIES AND JURISDICTION**

1. Plaintiff Clayton Adams is a citizen and resident of Arkansas County, Arkansas.

2. Defendant Jennifer Hall is a citizen and resident of Arkansas County, Arkansas. Defendant Harold Hall Roofing, Inc., is a domestic corporation, operating for profit, in an industry substantially impacting interstate commerce, with its headquarters in Arkansas County, Arkansas.  John Does 1-3 are individuals who knew of Defendant Jennifer Hall's conduct and assisted her in carrying it out, covering it up, concealing it, or who should have reported it as a matter of law, and failed to do so.

3. This action is brought for violation of 18 U.S.C. 1591(a)(1), 2255, 2421, 2422, and 2423; as well as Battery, Outrage, and felony-tort under Arkansas law, in violation of Ark. Code Ann. 5-14-110(a)(3); Ark. Code Ann. 5-14-125(a)(4)(iv); Ark. Code Ann. 5-14-127(a)(1)(A).

4. Venue and personal jurisdiction is appropriate as the persons are citizens and residents in the Eastern District of Arkansas, and many of the acts complained of, occurred in the Eastern District of Arkansas.   The Court has federal question over the federal claims, and

supplemental jurisdiction over the state law claims, which arise out of the same common nucleus of operative fact.

### FACTS

5. Defendant Jennifer Hall has been found to by the Arkansas State Police, Crimes Against Children Division, to have committed child maltreatment, by a preponderance of the evidence, in the form of "Sexual Abuse-Contact, Oral and Penetration." They have failed to appeal that finding within 30 days of its issuance on April 4, 2019. That finding was for the abuse of Clayton Adams.

6. Jennifer Hall is a woman in at least her thirties.

7. When Clayton Adams was no older than 15 years old, and Ms. Hall was in her thirties, she repeatedly molested Adams. This include oral and vaginal sex, as well as other contact with his sexual organs. This went on for years.

8. Hall exposed her genitals and became completely nude during these occasions, and exposed Adams genitals and caused him to be completely nude on these occasions.

9. On one occasion, Hall took and transported Adams to Florida for purposes of having sex with him. During that trip, Adams was fifteen years old, the abuse included oral and vaginal sex, as well as other contact with his sexual organs.

10. Hall exposed her genitals during this occasion, and exposed Adams genitals on this occasion.

11. At all times, Hall knew what Adams age was because they had talked about it.

12. At all times, Hall intended to engage in sexual acts with Adams.

13. During this trip, Jennifer Hall was in a position of trust and authority over Adams, as a temporary caretaker. She was in such a position at other times too, helping him with his schooling.

14. This was during a business trip for Harold Hall Roofing, Inc., and Hall knew that it was such a business trip.

15. Adams went on this trip after being requested, enticed, and solicited to come on it by Jennifer Hall, who was doing this

16. Other out of state trips of similar nature occurred as well.

17. Upon information and belief, Jennifer Hall is a part-owner, employee, officer, and agent of Harold Hall Roofing, Inc.  This trip was a joint venture between her and the corporation.

18. Hall provided things of value to Adams as a way of creating and maintaining a sexual relationship, including the trip, money, a vehicle, and later on, a place to live.

19. Plaintiff now brings suit less than three years after turning 18.

### COUNT I

20. Plaintiff restates the foregoing, as if fully stated herein.

21. By virtue of the facts alleged herein, Defendants have violated various criminal statutes, which also create a federal and state civil causes of action (18 U.S.C. 1591(a)(1), 2255, 2421, 2422, and 2423; as well as felony-tort under Arkansas law, in violation of Ark. Code Ann. 5-14-110(a)(3); Ark. Code Ann. 5-14-125(a)(4)(iv); Ark. Code Ann. 5-14-127(a)(1)(A).

22. By virtue of the facts alleged herein, Defendants have caused Plaintiff mental, emotional, and physical suffering, monetary damages, medical bills, and other damages, with a statutory minimum under federal law of $150,000.00.

23. By virtue of the facts alleged herein, Defendants have engaged in intentional, reckless, and knowing violation of the rights of a minor, meriting punitive damages.

## COUNT II

24. Plaintiff restates the foregoing, as if fully stated herein.

25. By virtue of the facts alleged herein, Defendants have intentionally engaged in conduct which is extreme, outrageous, utterly barbarous by the standards of civilized society, and knew or should have known it would cause severe emotional distress.

26. By virtue of the facts alleged herein, Defendants have caused Plaintiff extreme emotional distress, and he has endured, mental, emotional, and physical suffering, monetary damages, medical bills, and other damages.

27. By virtue of the facts alleged herein, Defendants have engaged in intentional, reckless, and knowing violation of the rights of a minor, meriting punitive damages.

## COUNT III

28. Plaintiff restates the foregoing, as if fully stated herein.

29. By virtue of the facts alleged herein, Defendants have engaged in an offensive and harmful physical touching of a person not legally able to consent.

30. By virtue of the facts alleged herein, Defendants have caused Plaintiff emotional distress, and he has endured, mental, emotional, and physical suffering, monetary damages, medical bills, and other damages.

31. By virtue of the facts alleged herein, Defendants have engaged in intentional, reckless, and knowing violation of the rights of a minor, meriting punitive damages.

## PRAYER

**WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF**: a jury trial on all matters so triable, compensatory damages exceeding the $150,000 statutory minimum in an amount to be determined by a jury, punitive damages exceeding $150,000, in an amount to be determined by a jury, and reasonable fees and costs.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:     */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com

By:     */s/ Luther Oneal Sutter*
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com